## R. HIGGINS v. THE STATE.

The act of August 13, 1870, § 12, provides that "all causes appealed from a justice's court shall be tried *de novo* in the district court, and such trial shall be final, without appeal to the Supreme Court." *Held*, that this provision applies to criminal as well as to civil causes—wherefore the present case is dismissed for want of jurisdiction in this court.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

This was a case of malicious mischief, the appellant being prosecuted for shooting and wounding a certain cow, with intent to injure the owner, one Henry Dancy.

In the justice's court the appellant was fined six dollars and costs, amounting to some twenty dollars. In the district court he was let off with a fine of one dollar and a half and the costs, which there accumulated to over fifty dollars—a judicial illustration of "going further and faring worse."

*J. R. Burns*, for the appellant.

No brief for the State.

OGDEN, J.—This case was tried by a jury before a justice of the peace, in December, 1870, and was appealed to and tried by the district court in January, 1871, and from thence appealed to this court.

Section twelve of the act of the Legislature passed August 13, 1870, provides, among other things, that "All causes appealed from a justice's court shall be tried in the district court, *de novo*, and such trial shall be final, without appeal to the Supreme Court." We are of the opinion that this clause refers as well to criminal as civil causes, and was intended as a finality for all

Opinion of the court.

causes of every description which are appealed from a justice's court to the district court.

This cause is therefore dismissed from the docket of this court for the want of jurisdiction.

Dismissed.